UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Mark P. Sennott, *as Trustee of the Sennott Family Charitable Trust*,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Edward S. Adams; Michael R. Monahan; Adams Monahan, LLP; Loblolly, Inc., *formerly known as* Scio Diamond Technology Corporation; Scio Diamond Technology Corporation, *formerly known as* Krossbow Holding Corporation; and John Does 1-10,<br><br>　　　　　Defendants,<br><br>　　and<br><br>Apollo Diamond, Inc.,<br><br>　　　　　Nominal Defendant. | C/A No.: 6:13-cv-02813-GRA<br><br>**ORDER**<br>(Written Opinion) |

　　Currently pending before this Court are Defendants' Motion to Dismiss Plaintiff's Verified Complaint and Plaintiff's Motion to Amend Complaint. ECF Nos. 15 & 28. After a thorough review of the record, including nearly 700 pages of memoranda and exhibits filed in connection with these motions, this Court GRANTS Plaintiff's Motion and DENIES Defendants' Motion as MOOT.

## **Background**

　　Plaintiff Mark P. Sennott, as trustee of the Sennott Family Trust, filed his original Verified Complaint (hereinafter "Complaint") on behalf of Nominal Defendant Apollo Diamond, Inc. ("Apollo" or "Apollo Diamond") against Defendants Edward S. Adams, Michael R. Monahan, Adams Monahan LLP, Loblolly, Inc., Scio Diamond

Technology Corporation, and John Does 1-10 (collectively, "Defendants") on October 15, 2013, alleging that Defendants "concocted and implemented a scheme to defraud shareholders and divest Apollo Diamond of its assets," and asserting causes of action for breach of fiduciary duty, constructive fraud, and unjust enrichment.  ECF No. 1.  Defendants moved to dismiss Plaintiff's Complaint on January 6, 2014.  ECF No. 15.  In their motion, Defendants seek to dismiss Plaintiff's Complaint on the grounds that:

> (1) Plaintiff lacks standing to assert claims on behalf of Nominal Defendant Apollo Diamond, Inc.; (2) Plaintiff and its Trustee released and waived their claims; (3) Plaintiff is an inadequate representative to bring derivative claims under Federal Rule of Civil Procedure 23.1; (4) Plaintiff's claims are barred by earlier substantively identical lawsuits; and (5) the Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6).

*Id.* at 1.

Plaintiff filed a Response in Opposition on January 21, 2014.  ECF No. 23.  In his Response, Plaintiff argues that "Plaintiff's Charitable Trust is a current shareholder of Apollo Diamond stock, is not barred from bringing suit by any of the unrelated cases involving other plaintiffs, and has pled sufficient factual allegations to proceed with discovery and the case."  *Id.* at 2.  In addition, Plaintiff requested leave to file an Amended Complaint.  *Id.*  Defendants filed a Reply Memorandum in Support of their Motion to Dismiss Plaintiff's Verified Complaint on January 31, 2014, re-emphasizing their earlier arguments and suggesting that Plaintiff's request to fix the Complaint would not save it from dismissal.  ECF No. 27.

On February 3, 2014, Plaintiff timely filed a Motion to Amend Complaint.  ECF No. 28.  Plaintiff seeks amendment to "remove doubt" and provide clarity as to the Complaint's allegations "that (1) it is and always has been at all relevant times hereto,

a shareholder of Apollo Diamond, Inc. and, (2) that Plaintiff seeks only derivative recovery for Apollo Diamond, Inc. and does not seek individual recovery for the Plaintiff Trust." *Id.* at 2.  Defendants filed a Memorandum in Opposition to Plaintiff's Motion for Leave to Amend Complaint on February 21, 2014.  ECF No. 30.  Defendants argue that Plaintiff's proposed Amended Complaint "attempts to address [only] two deficiencies in the original Complaint" and "should be denied as futile" because "[t]hese superficial changes do not remedy any of the issues presented in Defendants' pending and fully briefed Motion to Dismiss." *Id.* at 3.  Plaintiff filed a Reply on March 3, 2014, indicating that Plaintiff seeks amendment "regarding two narrow points," specifically, that it seeks to amend its Complaint in order to remove any "doubt that its shares are still owned and that the recovery sought is on behalf of the corporation and not on behalf of Plaintiff individually."  ECF No. 31 at 1.

### **Standard of Review**

Given the current procedural posture of this case, the Federal Rules of Civil Procedure provide that Plaintiff "may amend [his Complaint] only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2).  Rule 15 directs that this Court "should freely give leave when justice so requires." *Id.*  Under this standard, the Court has some discretion, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Medigen of Ky., Inc. v. Pub. Serv. Comm'n of W. Va.*, 985 F.2d 164, 167–68 (4th Cir. 1993) ("the federal rules strongly favor granting leave to amend").  A motion for leave to amend should only be denied when there is undue delay, bad faith or dilatory motives, repeated failure to cure deficiencies by

previously-allowed amendments, undue prejudice, or where the amendment would be futile.  *Foman*, 371 U.S. at 182; *see also United States v. Pittman,* 209 F.3d 314, 317 (4th Cir. 2000); *Shealy v. Winston,* 929 F.2d 1009, 1014 (4th Cir. 1991).

Denial of a motion to amend based on futility should occur only "when the proposed amendment is clearly insufficient or frivolous on its face."  *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).  "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards . . . —that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (internal citations omitted); *see United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.").  If an amended complaint could not withstand a motion to dismiss, then the motion to amend should be denied as "futile." *Perkins v. U.S.,* 55 F.3d 910, 917 (4th Cir.1995).

## Discussion

Defendants offer two reasons that the Amended Complaint should be denied as futile.  First, Defendants argue that "Plaintiff lacks derivative standing to bring claims on behalf of Apollo because it sold all its Apollo stock in 2011 through the Stock Repurchase Agreement."  ECF No. 30 at 11.  Defendants argue that because "the proposed amended complaint, like the original Complaint, incorporates by

reference the Stock Repurchase Agreement," this Court should dismiss the lawsuit under "the terms of that document." *Id.* at 12.  Second, Defendants argue that "Plaintiff's proposed amended complaint, like the original Complaint, falls far short of stating a claim under Federal Rule of Civil Procedure 9(b) or 8." *Id.* at 15.

Plaintiff argues that its Motion to Amend will not prejudice the Defendants if granted, and suggests that Defendants will presumably "tweak their Motion to Dismiss" by making it shorter and "deleting references to the matters Plaintiff addresses in the proposed Amended Complaint."  ECF No. 31 at 2.

In this case, the original Complaint and the Proposed Amended Complaint differ slightly, but these changes supplement Plaintiff's claims against Defendants.  Thus, this Court finds that there is no apparent prejudice to Defendants, Defendants have not alleged that the amendment is made in bad faith, and the proposed amendment is not "clearly insufficient or frivolous on its face."  *Johnson*, 785 F.2d at 510.  Accordingly, this Court GRANTS Plaintiff's Motion to Amend Complaint.

"As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect."  *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001).  Thus, a defendant's previous motion to dismiss is rendered moot when a plaintiff files an amended complaint.  *See Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW*, No. 3:10-cv-418-RJC-DSC, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011) (explaining that an  "amended complaint renders the defendants' pending motions to dismiss that are related to the superseded complaint as moot.").  However, "[i]f some of the defects raised in the original motion remain in the new pleading," a district court, in its discretion, "*may*

consider the motion [to dismiss] as being addressed to the amended pleading." 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2011) (emphasis added). Due to the complexity of this case, and because Plaintiff's amendments seek to remedy the defects raised in Defendants' Motion to Dismiss, this Court will not consider Defendants' Motion as being addressed to the Amended Complaint. If Defendants believe that defects remain in the Amended Complaint, they may file motions to dismiss addressing the Amended Complaint within the time frame allotted by the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Amend Complaint is GRANTED. Plaintiffs shall file an Amended Complaint in substantially the same form as Exhibit A to their instant Motion by June 5, 2014.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss is DENIED as MOOT.

*[signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

May  29 , 2014
Anderson, South Carolina